## W. F. SIMMONS *v.* C. M. FELDER.

**Appeal — Error.**

> The appellate court will not assume matters of fact raised by counsel, which were not introduced in the court below.[1]

Two bales of cotton in the possession of C. C. Felder were levied on by the sheriff of Pike county under an execution against C. C. Felder in favor of appellant, and C. M. Felder filed a claimant's issue, and on trial before the justice court in Osyka, Miss., the two

---

[1]

In a suit to remove a cloud from a title a finding by the chancellor against a claim of title by adverse possession for ten years, commencing in February, 1886, will be taken as correct, where the record does not show when the bill was filed. Simmons *v.* Ormond, 27 So. 875.

The objection that the levy of an execution was void because made within four months of the date of filing of the petition in bankruptcy by the judgment debtor will not be considered on appeal, where the record contains no proof of the bankruptcy proceedings. Brister *v.* Joseph Bowling Co., 28 So. 830.

The presumption in favor of the correctness of the judgment of the court below will be indulged until the contrary is shown by the record; and the bill of exceptions must state the case fully enough to enable the high court to determine whether there was error; for where the facts are not stated fully, the action of the court below will be sustained, if it would be correct on any grounds. Balfour *v.* Mitchell, 12 S. & M. 629.

Where there was no proof in the record to show whether a right accrued to the wife before or after coverture a decree of the Probate Court, based on either theory, will be presumed correct. Henderson *v.* Guyot, 6 S. & M. 209.

No objection can be urged against the action of the court below, based on evidence, unless there be a bill of exceptions setting out the evidence. Anderson *v.* Williams, 2 Cush. 684.

If the bill of exceptions does not purport to set out all the evidence every fact necessary to sustain the judgment will be presumed to have been proven, unless the record show the contrary. Stevens *v.* Mangum, 5 Cush. 481.

Statement of the Case.

bales of cotton were adjudged to the claimant. An appeal was prosecuted to the Circuit Court, and on the trial of the case it developed that the cotton in question was grown by the claimant and belonged to him individually, and that the farm upon which it was grown was located in the State of Louisiana. The cotton was hauled to Osyka upon the wagon of C. C. Felder, judgment debtor. The question of residence of the claimant was raised for the first time on appeal to the Supreme Court in the brief for appellant.

From a judgment for the claimant, plaintiff appeals.

APPEALED from Circuit Court, Pike county, J. B. CHRISMAN, Judge.

Affirmed, March 2, 1885.

*Attorneys for appellant, J. J. Stokes and J. C. Lamkin.*

*Attorneys for appellee, S. E. Packwood and J. B. Sternberger.*

Where exceptions were taken and reserved only to the competency of the deposition the party introducing it should see that the proof of notice, on which it is taken, is inserted in the bill of exceptions. The high court will not presume that notice was proven or dispensed with in the court below. Pickett *v.* Ford, 4 How. 246.

No question can be adjudicated here which was not the subject of decision in the court below. Byrd's Case, 1 How. 163.

This court, in reviewing the action of the court below, refusing a motion for a new trial, will notice no other grounds than those specified in the motion. Barney *v.* Scherling, 40 Miss. 320; State *v.* Farish, 1 Cush. 483.

The record is the only medium by which this court can examine any question presented to the court below. Green *v.* Robinson, 3 How. 104.

This court can act only on the record from the court below, which contains a case sufficiently certain to enable the court to determine what it is. Carraway *v.* Board of Police of Yazoo Co., 1 How. 23.

And this court can notice nothing not properly a part of the record, though embraced in it. Kibble *v.* Butter, 14 S. & M. 207.

This court will not entertain questions not raised below. Anderson *v.* Leland, 48 Miss. 253; Griswold *v.* Simmons, 50 Miss. 137.

In the absence of a bill of exceptions this court will assume that the judgment rendered in a case was proper, provided any state of facts could exist under the record in which the judgment rendered would be proper. Bernheim *v.* Brogan, 66 Miss. 184, 6 So. 649.

This court will assume that a verdict is correct, and will not disturb it, if

Brief of J. J. Stokes:

The facts which are shown in evidence, and which are not disproved, *i. e.* that claimant attempted to remove the cotton from the State, that the judgment debtor, in the presence of the claimant, asserted that the cotton belonged to James Morris and called upon Morris to claim it; that the judgment debtor insisted that the officer making the levy should mark the cotton with Morris' name, the claimant being present, and the decidedly significant fact that no notice was given that this claimant here had any interest, and that no claim was made until two days after the seizure of the cotton, are amply sufficient, we think, to prove fraud and collusion between the judgment debtor and this claimant, to defeat the levy and save the cotton for the former.

If it be true that this claimant grew the cotton with the consent of his father and mother, it is still liable to the execution for his father's debt unless the claimant had been emancipated, be-

no motion was made to set it aside, and there is no error in the rulings of the court specially excepted to during the trial. Telegraph Co. *v.* Jones, 69 Miss. 658, 13 So. 471.

If, in a bill of exceptions, a certified transcript of the record of a deed shows the date of recording, but fails to show when it was filed for record, this court will not, in the absence of evidence on that point, assume that it was filed at an earlier day, though the date of its execution is earlier. Davis *v.* Netterville, 68 Miss. 429, 10 So. 32.

Where the question of the residence of testatrix was, by agreement, submitted on testimony not contained in the bill of exceptions, the finding of the court will be affirmed. Pratt *v.* Hargreaves, 75 Miss. 897, 23 So. 519.

Where the trial court, after material evidence was introduced, erroneously withdrew the same from the jury, and without such evidence the facts were not sufficient to sustain the judgment, the cause will be reversed on appeal, as the Supreme Court could only consider the facts submitted to the jury. Marks *v.* Price, 27 So. 600.

Where the application for a continuance does not appear in the record, it will be presumed that it was rightly refused. Holden *v.* Brimage, 72 Miss. 228, 18 So. 383.

The Supreme Court, on appeal in a criminal case, in passing upon the action of the trial court in denying a continuance, is confined to the record and cannot consider a certified copy of a subpœna issued for a witness nor an affidavit averring that he was present in court during the trial of the case, such papers not having been of record in the court below at the time of the trial. Whit *v.* State, 85 Miss. 208, 37 So. 809.

An affidavit not a part of the record cannot be considered by the Supreme Court in aid of the same. Jenkins *v.* Barber, 85 Miss. 666, 38 So. 36.

cause he was a minor and subject to and supported by his father. Hamilton *v.* Booth, 55 Miss. 60.

If the claimant was emancipated, he must have been emancipated under the laws of Louisiana, being a resident of that State. No effort was made to prove that he had been emancipated. The laws of Louisiana require that in order to emancipate a minor, he must be of the full age of fifteen years, and that a declaration shall be made by the father or mother that he (or she) does emancipate the minor before a notary public in the presence of two witnesses. The mother to act only in case of the death of the father. Civil Code of La., art. 369.

It was attempted to show that the land on which the cotton was grown belonged to the claimant's mother and that she allowed him to cultivate if for his own benefit. If that were so, it does not change the standing of claimant. He was not emancipated and under the laws of Louisiana all property, whether real or personal, is community property and all profits or revenue arising therefrom belong to the husband, and all debts created during the marriage must be acquitted out of the common fund. Civil Code of La., arts. 2369, 2370-2373.

## QUESTION OF JURISDICTION.

Brief of J. C. Lamkin:

The amount in controversy in this case is the value of two bales of cotton levied on by the constable — the question tried before the Circuit Court was not as to the amount of the execution, but whether or not two bales of cotton claimed by C. M. Felder could be subjected to the payment of the execution. While this is an appeal to the Circuit Court from a justice of the peace and the amount of the execution does not exceed the sum of $50, the amount of the execution was not in controversy, and the only thing in controversy was as to the ownership of two bales of cotton which is valued by the officer at $100. The cases of O'Leary *v.* Harris, 50 Miss. 13, and 51 Miss. 202, do not apply in this case; section 2354, Code of 1880, does not exclude this appeal.

It is evident from the testimony in the case that C. C. Felder used his son, the claimant, to perpetrate a fraud upon the plaintiff in execution. There is nothing to show that the son had been

emancipated, and while a creditor cannot compel the son of his debtor to work for him, still, unless emancipated, the earnings of the son are liable for the father's debts. 50 Miss. 60.

The judgment debtor and claimant lived in the State of Louisiana and there the mere fact of the father allowing his son to cultivate land, being part of the same land cultivated by the father, will not amount to emancipation. Civil Code of La., art. 369.

Clearly under the state of facts the court should have granted third instruction asked for by plaintiff, and should have refused the instructions asked for by the claimant.

The jury, under all the statements of the facts as shown in the record should have brought in a verdict for the plaintiff.

## On Motion to Dismiss for Want of Jurisdiction.

Brief of Packwood & Sternberger:

This case should be dismissed, as the " amount in controversy " (which means, we take it, the original judgment in the suit), does not exceed the sum of $50. Code, § 2354; 51 Miss. 202; 57 Miss. 826; 59 Miss. 362.

It may be contended that the amount in controversy, in the language of the statute, means the value of the cotton in this case, and not the amount of the original judgment. But, if this be the proper construction of this statute, and a rule of this kind were to obtain in cases involving the claimant's issue, carried up to this court, the inevitable result would be that this court would be called upon to decide cases involving this issue where the original amount in controversy was any sum under $50, no matter how contemptible. As a matter of public policy can this court afford to give the statute such a construction?

Aside from this, however, there is nothing in the record to show the value of the cotton. For aught this court can know, at the time these two bales of cotton were seized they were not worth $50.

A father may partially or wholly emancipate his minor sons. Children cannot be compelled to work for the benefit of their father's creditors. In other words, if the father retains the labor of his children for himself, its fruits are liable for his debts; but, if he do not retain their labor, then its fruits are not liable for his debts. Hamilton v. Booth, 55 Miss. 60.

OPINION.— COOPER, J., delivered the opinion of the court:

It appears by the record that the cotton in controversy was grown in the State of Louisiana, but it does not appear that the claimant was domiciled there. We cannot assume this fact.

Judgment affirmed.